SMITH v. MILLER.

A. recovered damages of B. for slander.    B. brought writ of error, pending
which he made overtures to A. for compromise.    A. expressed himself
willing to compromise, on payment of costs and his attorney's fees, and
declared he never would appropriate to his own use, a cent of the dama-
ges.    A day was appointed to complete the compromise, when A. failed
to attend.    B. left the supposed amount of costs and fees with the clerk,
and directed more to be paid if demanded.    B. was prevented by a fall
from his horse, from prosecuting his writ of error; and A. obtained on
certificate, an affirmance of his judgment against B.    Upon these facts,
B. is not entitled to relief in equity from any portion of A's. judgment.

MILLER recovered in the Circuit Court of Limestone county, $1,000 damages of Smith for slander.    Smith sued out a writ of error, to carry the case to the Supreme Court for revision, after which, and before any further step in the case was taken by either party, Smith made overtures to Miller for a compromise.    Miller stated his willingness to compromise, his determination not to receive a cent of the damages for his own use, that all he would require, was payment of the costs and his attorney's fees, and mentioned what he supposed they would amount to, and agreed that he would meet Smith at a subsequent day in town, to adjust the matter; accordingly Smith attended in town on the day appointed to complete the compromise, but not meeting Miller, he left a sum of money with the clerk, supposed to be sufficient to satisfy the costs and Miller's attorney's fees, and made an arrangement with the clerk to pay more if it should be need-ed.    Miller refused to receive from the clerk the money left, and Smith being prevented, by a fall from his horse, from prosecuting his writ of error, at the next term of the

Supreme Court, Miller obtained on certificate, an affirmance of his judgment below against Smith. Smith filed his bill in equity for relief, on the foregoing grounds, which being dismissed, he appealed to this Court, and assigned as error, said dismissal.

CRAIGHEAD, for plaintiff in error. It may be contended, that as we seek relief against a judgment, a parol release cannot be set up against it. We say, however, that it is a contract, and that it is shewn to be by the evidence. There is no doubt, that although a judgment existed against Smith, a contract of compromise could be made, and that a small consideration would support it. The compromise was of benefit to Miller. Although the amount to be paid was less than the judgment, yet it was to be paid sooner, and was a sum certain, either of which features would constitute a good consideration. Then I think I may assume, that there certainly was a sufficient consideration, and that the contract was effective.

It may be said, if Smith has rights, he has sacrificed them, for he did not prosecute his writ of error. Miller's statement, that he would not receive more than his attorney's fees, prevented it, and this is an agreement which Chancery will enforce. It is true a parol release of a judgment on bond would not do, but the same reason does not hold in this case. An action of slander is penal in its character; the judgment is only an assessment of the damages sustained. This is not of the same nature with a bond, and a parol compromise or release is good.[a] A judgment, in no case is considered as a contract.[b]

*a* 3 John. R. 528. 14. Ibid 330. 1 Cow. R. 321.
*b* 4 Dess. R. 402. 2 Call. R. 421.

J. L. MARTIN, for defendant in error. The record does not sustain the agreement precisely, as understood by the plaintiff's attorney. It is true, one witness testifies as stated in argument, but it is not alleged in the bill, that this was the moving consideration. The agreement stated in the bill was wholly gratuitous, and there was no consideration for dismissing the writ of error. The main point is, was there a sufficient consideration. Clearly there was not. The sum to be paid is smaller than the amount of the judgment. There was no moral or legal obligation on Miller, to comply with what he had stated, nor was there any benefit to accrue to him from a compliance.[c] There is clearly no consideration for Miller's promise, and being *nudum pactum*, is therefore void.

*c* 2 H. Blac. R. 317 and authorities there referred to.

36

JANUARY 1831

Smith
v.
Miller.

*a* 5 Reports,
Peyton's
case. Croke
Eliz. 304. 1
Ld. Ray. 122.

The proof does not sustain the allegation of a tender of sufficient money. Leaving money with the clerk is no tender; he is not the proper person; the tender should have been made to Miller. It cannot be important as to the writ of error, it not being alleged in the bill. Miller failed to meet Smith, the latter might have gone on with his writ of error before this Court. There is no proof of error in the judgment at law, nor indeed any pretence of it. We must presume that the Court determined correctly.[a]

CRAIGHEAD, in reply. As to the authorities produced on the other side, I do not controvert them. I have already conceded what they prove; but I deny their applicability to this case. If it cannot be placed on different grounds from any case cited, then I cannot sustain it. The first effort made on the opposite side, is a criticism of the bill; that the agreement as proven, is not stated in so many words in the bill; but it is shewn to be in substance, the same agreement. It is sufficiently stated, if the facts are proven. The compromise comprehended the writ of error and all.

The next ground taken by defendant's counsel, is that the money should have been tendered by defendant to the plaintiff below. It was tendered by the clerk to Miller and he refused to take it. Although the full amount was not actually tendered, yet it was Miller's fault. Smith and Miller settled the amount at the time of the agreement at the sum actually tendered, and although nothing was said about any thing further, yet provision was made by Smith, for what further might be necessary. Every thing was complete by the agreement. I do not contend for relief as to the fees of Miller's attorneys; but to the balance, I think we are in equity entitled.

By LIPSCOMB, CHIEF JUSTICE. From the material facts in this case, it is very clear that at most, it was only an executory undertaking on the part of Miller, to relinquish his judgment at law, and not supported by any consideration whatever. The complainant was not injured or placed in a worse condition, by the promises made by Miller, the plaintiff in the judgment at law. He had not undertaken to desist from the prosecution of his writ of error. If this had been the case, and he had shewn that he had been beguiled by the promises of the plaintiff at law, and had foregone an advantage, a case would have

been made out for relief in equity; but in this he has failed, and the bill was very properly dismissed. The decree must therefore be affirmed, at the costs of the complainant.

Decree affirmed.

JUDGE WHITE, not sitting.